■ In the Matter of HANS G. GOEBEL, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Rensselaer County) to review a determination of the Commissioner of Motor Vehicles, revoking petitioner's license to operate a motor vehicle. Petitioner was arrested for operating a motor vehicle while in an intoxicated condition. The arresting officer, a Trooper in the Division of State Police, testified that he provided petitioner with an opportunity to take a chemical test for intoxication and gave him the statutory warning in the event of a refusal, but that petitioner declined to subject himself to this test. He further testified that he discussed the consequences of a refusal to take the test while petitioner was riding as a passenger in the troop car en route to arraignment subsequent to his arrest, but that petitioner still persisted in his refusal. It is the contention of petitioner that he agreed to the test initially, but that in the course of subsequent discussions he was advised that he would receive his traffic summons regardless of whether the test was positive or negative for alcohol content, and that his declination to take the test was the result of confusion on this point. Petitioner further complains that there was a failure to prove the existence of State Police regulations governing the qualifications of arresting officers to administer such tests which would establish that this arresting officer was one permitted to administer such tests. There is substantial evidence to support the determination of the respondent. When presented with conflicting versions of what occurred, respondent may accept that view which to him seems most credible (*Matter of Foster* v. *Tofany*, 31 A D 2d 987). It is also clear that the arresting officer was duly qualified to administer the test had consent been given. We find no merit in petitioner's argument that rules relating to the qualifications and classifications of officers permitted to administer such tests must first be established before a determination of refusal to consent can be made particularly when, as here, petitioner was not subjected to any test (*People* v. *Monahan*, 25 N Y 2d 378). Determination confirmed, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.